UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN F. JUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No: 3:18-cv-1217 |
| THE LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Stephen F. Jung, by and through counsel, Gallagher Davis, L.L.P., and for his Complaint, states as follows:

### COUNT I : GENERAL ALLEGATIONS COMMON TO ALL COUNTS-- VENUE AND JURISDICTION

1. This is an action arising under the Employee Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. (ERISA), to redress breaches of fiduciary duties under ERISA, and to recover costs, attorneys' fees and interest as provided by ERISA.

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plans and employee insurance programs are administered in this District, the breaches of duty herein alleged occurred in this District, and all Defendants reside or are found in this District.

1

## PARTIES

4.     Plaintiff Stephen F. Jung ("Stephen") is an individual residing in Red Bud, Randolph County, Illinois, in the Southern District of Illinois.  Stephen is a vested participant in Group Insurance Policies for certain employees of HL Financial Services, LLC., which provides employee welfare benefit plans within the meaning of 29 U.S.C. §1002.  Stephen has standing to bring this action as a beneficiary under 29 U.S.C. § 1132(a).

5.     The Lincoln National Life Insurance Company ("Lincoln") is an insurance company incorporated in Indiana and is doing business in Illinois under a license to do business as a Foreign Insurance Company.  Lincoln administers and pays benefits under the terms of the Long Term Disability and Life Insurance insurance policies, and is a fiduciary within the meaning of 29 U.S.C. §§ 1002(21) and 1102.

## COUNT II: BREACH OF FIDUCIARY DUTY

6.   Stephen's Life Insurance Policy issue by Lincoln contains a provision entitled, "Extension of Death Benefit."

7.  The Extension of Death Benefit states,:

> Life insurance will be continued, **without payment of premiums**, for an Insured Person who:
> (1) becomes Totally Disabled while insured under this policy and before reaching age 60:
> (2) remains Totally Disabled for at least 6 months in a row; and
> (3) submits satisfactory proof within the 7th through the 12th months of disability.

8.     Total Disability and Totally Disabled are defined in the Life Insurance policy as an Insured Person is unable, due to sickness or injury, to engage in any employment or

occupation for which such Insured Person is or becomes qualified by reason of education, training, or experience.

9. Stephen stopped working on November 20, 2012 due to leg pain, diabetic neuropathy and other significant complications from diabetes.

10. Lincoln approved Stephen's Extension of Death Benefits claim, providing him continuing Life Insurance coverage under his employer's group policy without payment of premiums from December 20, 2012 until October 21, 2014.

11. Since December 20, 2012, Lincoln has determined that Stephen has continually been Totally Disabled under the terms of his Long Term Disability group insurance policy, which is also insured by Lincoln.

12. Stephen was determined completely and totally disabled and unable to participate in any gainful employment by the Social Security Administration.

13. Stephen provided Lincoln medical information from his treating physicians that stated he was unable to work in even a sedentary capacity for both his Long Term Disability and life insurance Extension of Benefit claims.

14. Lincoln accepted the medical information from his treating physicians and has determined that he continually has been totally disabled from working even in a sedentary job since 2012 for his Long Term Disability claim, but has denied that he is totally disabled for the purposes of his life insurance Extension of Death Benefits claim.

15. In terminating his Extension of Death Benefits under the life insurance policy, Lincoln, acting as a fiduciary in the administration of Stephen's claim, failed to adequately consider the facts and circumstances regarding his claim, failed to adequately investigate the facts supporting his claim, and relied on unfair, biased and incomplete reviews of Stephen's medical records in terminating his life insurance Extension of Death Benefits.

16. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

17. By failing to consider its own decision in approving Stephen's Long Term Disability benefits claim, by failing to consider the Social Security Administrations' decision, by failing to properly interpret the terms of its own policy language Lincoln violated ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. 2560.503-1, and the corresponding Department of Labor regulations, and failed to provide a full and fair review.

18. Defendant breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Stephen's Extension of Benefits claim in a careful, skillful and diligent manner.

**WHEREFORE**, Plaintiff prays that this Court:

(a) Grant judgment in his favor and against Defendants on all claims;

(b) Order that Defendant reinstate Stephen Jung's life insurance coverage without payment of premium;

(c) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

(d) Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;

(e) Enjoin Defendants to discharge their fiduciary duties in accordance with 29 U.S.C. § 1104;

(f) Order restitution or surcharge to disgorge Defendants' unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses including loss of life insurance benefits and payment of his attorneys' fees caused by Lincoln's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

(g) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(h) Award all such other and further relief as this Court deems just and proper.

GALLAGHER DAVIS, L.L.P.

_____
Matthew R. Davis 58205
2333 S Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax (314) 725-0101
matt@gallagherdavis.com

Attorneys for Plaintiff